ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* ORGAN
POWER COMPANY.

[46 South., 254.]

CARRIERS. *Railroads. Bill of lading. "O. N." Delivery. Judicial no-*
*tice.*

The letters "O. N." as used in bills of lading are known judicially
to mean "Order, notify;" and if freight, consigned to the shipper
under a bill of lading using the letters following his name as con-
signee and preceding the name of another, be given to the party
whose name follows the letters, without surrender of the bill of
lading, it will be a misdelivery and the carrier will remain liable
for the freight.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

The Organ Power Company, appellee, was plaintiff in the
court below; the railroad company, appellant, was defendant
there. From a judgment in plaintiff's favor defendant ap-
pealed to the supreme court.

The suit was to recover the value of an organ blower. The
declaration charged that plaintiff, the Organ Power Company,
delivered to the New York, New Haven & Hartford Railroad
Company at Hartford, Conn., an organ blower for carriage to
Meridian Miss., via defendant, the Alabama Great Southern
Railroad Company; that the initial carrier issued to plaintiff its
through bill of lading consigning the freight to plaintiff as con-
signee at Meridian, Miss., with instructions to notify Patton-
Rubush Music Company; that the plaintiff attached the bill of
lading to a draft and forwarded same for collection; that the
draft was not paid, and the bill of lading and the draft were
returned to plaintiff; that the freight, the organ blower, ar-
rived at its destination over defendant's railroad; that the de-
fendant company did not deliver the blower to plaintiff or to

its order, but delivered it contrary to plaintiff's instructions, to the Patton-Rubush Music Company upon payment of freight, the draft remaining unpaid. The bill of lading is as follows: "Consigned to Organ Power Company, P. R. M. Co. Notify Patton-Rubush Music Company., Via Merchants' Dispatch." On the back of the bill of lading the following words are endorsed:—"If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of a party to be notified of the arrival of the property, the surrender of this bill of lading, properly indorsed, shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading." The freight bill contained the following: "Consignee Organ Power Company, O. N. Patton-Rubush M. House." The court below granted a peremptory instruction for the plaintiff.

*Bozeman & Fewell,* for appellant.

The court will observe in the first instance that this is not an "order notify" shipment, and indeed it is not alleged so to be in the declaration.

In the construction of this contract it is important to note:

1. That the Organ Power Company, plaintiff, in this case is both shipper and consignee.

2. That no rights of a transferee of the bill of lading or purchaser of the property is involved.

3. That the Organ Power Company (shipper and consignee) was domiciled at Hartford, Conn., the point of shipment, and the Patton-Rubush Music Company at Meridian, the point of destination.

The contention of the appellant is that the plaintiff who as we have shown was both shipper and consignee, made the Patton-Rubush Music Company its duly authorized agent to re-

ceive this freight by the terms of the contract itself; that is to say by the directions in the bill of lading to notify the Patton-Rubush Music Company of the arrival of the freight.

And indeed, the railroad company was fully justified in treating the Patton-Rubush Music Company as a joint consignee of this shipment. This is the language of the bill of lading:—

"Consigned to the Organ Power Company,
        P. R. M. Co., Meridian, Miss.,
                Notify Patton-Rubush Music Co."

These initials, P. R. M. Co., after the words, "consigned to," and when taken in conjunction with the other written portion of the bill of lading, can mean nothing else than Patton-Rubush Music Company, and would have warranted the jury in finding that the shipment was consigned to the Organ Power Company and this P. R. M. Co. jointly.

*G. Q. Hall, Hall & Jacobson,* for appellee.

The railroad company was not authorized to deliver the organ blower to the Patton Rubush Music Company.

The receipt given for the freight, issued by the New York, New Haven & Hartford Railroad Company at Hartford, Conn., to the Organ Power Company, which is hereinafter designated a bill of lading, plainly shows the consignee and the consignor to be the Organ Power Company, and the direction thereon is, "Notify Patton-Rubush Music Company." The very presence of the word "notify" shows that the person so named to be notified is not intended as consignee. If Patton-Rubush Music Company was the consignee, then the direction to notify them would be entirely unnecessary, because the duty of the carrier is to notify the consignee on the arrival of goods at the place of destination, and the word "notify" placed in front of "Patton-Rubush Music Company" clearly indicated that it was not the consignee. "The fact that the carrier is directed to give notice to a person named, of the arrival of the goods, or to deliver in

case of a person named will not make the person so named the consignee in such sense that delivery to him will be sufficient. 6 Cyc., 470 (b) citing *Union Stock Yards Co.* v. *Westcott,* 47 Neb., 300, 66 N. W., 419; *North Pa. R. R. Co.* v. *Com. Nat. Bank,* 123 U. S., 727; 31 Law. Ed., 287, and others in note 42 same page of Cyc.

WHITFIELD, C. J., delivered the opinion of the court.

Learned counsel for the appellant practically concede that, if this was an "order notify" shipment, then the judgment is correct. We think that is just the kind of shipment it is. The testimony sufficiently shows this. On the face of the freight bill these words appear: "Consignee, Organ Power Company, O N Patton-Rubush M. House." These letters "O N" are universally understood to signify "order notify." This court must know, on reading them, what everybody knows they mean. Learned counsel say that, in what they call the "memorandum acknowledgment," the capital letters "P. R. M. Co.," must mean "Patton-Rubush Music Company." Why must they mean that? Why, because the entire context of the instrument shows that. Precisely in the same way, the entire context in the freight bill shows that the letters "O N" mean order notify.

Being, therefore, a shipment of the order notify kind—that is to say, a shipment wherein the consignor consigns the thing to himself to be delivered, on his order, upon the surrender of the bill of lading by the party to be notified—the judgment is correct, and it is affirmed.

*Affirmed.*